Richard A. Bednar (#06074)
**DURBANO LAW FIRM, P.C.**
476 West Heritage Park Blvd., Suite 105
Layton, Utah 84041
Telephone: (801) 776-4111
Facsimile: (801) 776-1121
richard@durbanolawfirm.com

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **THE FEDERAL DEPOSIT INSURANCE CORPORATION** as receiver of America West Bank, L.C.<br><br>Plaintiff,<br>v.<br><br>**DOUGLAS M. DURBANO,** an individual, and the **DURBANO LAW FIRM, P.C.**, a Utah professional corporation,<br><br>Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO UNSEAL**<br><br><br><br>Case No.: 1:09-cv-56<br><br>Judge Ted Stewart |

**LODGED WITH THE COURT UNDER SEAL**

**PURSUANT TO 2009-05-04 "ORDER SEALING THE CASE"**

This case was sealed pursuant to the Court's Order dated May 4, 2009. On August 31, 2009, Plaintiff ("FDIC") filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). As a result, this case has remained sealed and undisturbed for over eleven years and eight months. On April 28, 2021, Plaintiff filed a motion to unseal this case. Defendants urge the Court to deny the motion.

As grounds for unsealing, Plaintiff proffers that the proceedings in this case (1:09-cv-56) are "relevant" to active litigation in *America West Bank Members, L.C. v. State of Utah, acting through the Utah Department of Financial Institutions*, No. 2:16-cv-326 currently pending before Judge Clark Waddoups. Defendants dispute this unsubstantiated assertion. In addition, Defendants invite the Court's attention to the fact that the FDIC Motion to Unseal is further premised upon anticipated discovery disputes in Case No. 2:16-cv-326. Even if this case were somehow relevant to Case No. 2:16-cv-326, a proposition rejected by Defendants, the speculative nature of the anticipated dispute argues against the proposition that this case should be unsealed.

Defendants assert the two cases are not relevant because both the parties and the issues in the two cases are entirely separate and distinct.

In this case, the parties are the FDIC, Douglas M. Durbano, and the Durbano Law Firm, P.C. The underlying issue was whether Defendants were entitled to possess a server that contained a backup copy of the business records of America West Bank as they prepared to defend litigation initiated by the FDIC against the Bank's officers and directors. As correctly noted by the FDIC, the dispute was resolved by stipulation and Defendants surrendered the server to the FDIC before Defendants filed a responsive pleading to the FDIC's Complaint.

2

In Case No. 2:16-cv-326 by contrast, not only is the FDIC not a party to the case but neither is Douglas Durbano, nor the Durbano Law Firm, P.C. Instead, the parties are the America West Bank Members, L.C ("AWBM"), and the State of Utah acting through the Utah Department of Financial Institutions and G. Edward Leary. The crux of the case involves whether the seizure of America West Bank by the Utah Department of Financial Institutions violated due process and constituted civil rights violations. In short, absent any overlap in the involved parties and issues in the two cases, the assertion that this case (No. 1:09-cv-56) is relevant to Case No. 2:16-cv-326 should be viewed as specious.

Defendants acknowledge that in Case No. 2:16-cv-326 AWBM has attempted to subpoena records from the FDIC. However, to the extent that any discovery dispute may arise in Case No. 2:16-cv-326, Defendants maintain that it should be presented to and handled by Judge Waddoups, who is assigned to and has presided over the case since April 2016. Defendants emphasize that, at this point, the asserted relevance of this case is unexplained by the FDIC and the suggestion of a discovery dispute in Case No. Case No. 2:16-cv-326 is only speculative and hypothetical. Moreover, any discovery dispute that arises in Case No. 2:16-cv-326 concerning FDIC compliance with subpoenas issued by AMBW are separate and distinct from the cursory and abbreviated proceedings in this case. Why the FDIC cannot adequately defend an anticipated discovery dispute in Case No. 2:16-cv-326 that involves wholly distinct and separate parties and issues is left entirely unexplained. Lacking such an explanation, Defendants urge the Court to deny the FDIC's Motion to unseal.

Alternatively, in the event this Court believes there may be any merit to even considering the FDIC's Motion to Unseal, Defendants suggest that interests of judicial economy and

efficiency suggest reassignment of the case to Judge Waddoups for consideration and decision on the FDIC's Motion to Unseal.  This suggestion is based upon the following facts:  (1) this case was dismissed over eleven years and eight months ago, and as a result is not familiar to the currently assigned judge, (2) once the Motion to Unseal has been decided, there will be no further activity in this case, and (3) Judge Waddoups, who is well-versed with the issues and discovery needs in Case No. 2:16-cv-326, is in the best position to evaluate and determine whether proceedings in this case are in any way related to Case No. 2:16-cv-326 and whether unsealing this case is actually necessary and warranted based upon the proceedings in Case No. 2:16-cv-326.

DATED this May 11, 2021.

DURBANO LAW FIRM, P.C.

*/s/ Richard A. Bednar*
Richard A. Bednar
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I certify that on May 11, 2021, I filed the foregoing MEMORANDUM IN OPPOSITION RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL  email to the clerk's office, and certify that a true and accurate copy of this motion was sent to counsel for Plaintiff by email and by mail through the USPS.

/s/ *Richard A. Bednar*